107 Cal.Rptr.2d 305 (2001)
89 Cal.App.4th 585
The PEOPLE, Plaintiff and Respondent,
v.
Donald Laroy STEVENS, Defendant and Appellant.
No. C036593.
Court of Appeal, Third District.
May 29, 2001.
Rehearing Granted June 25, 2001.
*306 Deborah Prucha, Woodland, under appointment by the Court for Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, Rachelle A. Newcomb, Acting Supervising Deputy Attorney General, and Paul E. O'Connor, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication[*]
Rehearing Granted June 25, 2001. See 111 Cal.Rptr.2d 633.
CALLAHAN, J.
Defendant Donald Laroy Stevens entered a negotiated plea of no contest to one count of evading a police officer (Veh. Code, § 2800.2) and one count of driving with more than 0.08 percent alcohol in his blood (Veh.Code, § 23152, subd. (b)), admitted a prior prison term enhancement (Pen.Code, § 667.5, subd. (b)) and two prior convictions for driving under the influence (DUI), and was sentenced to an aggregate term of four years in prison. On appeal, defendant challenges orders requiring him to pay $400 for the costs of court-appointed counsel and to report to the parole office in Kern County upon his release from prison. For the reasons stated below, we shall affirm the judgment.

PROCEDURAL BACKGROUND
The facts of the underlying offenses are irrelevant to the issues raised on appeal. In March 2000, while on parole from Kern County, defendant was charged with evading a police officer, driving under the influence of alcohol, and driving with more than 0.08 percent alcohol in his blood. The complaint also alleged defendant had served three prior prison terms and suffered two prior DUI convictions. At his initial arraignment, the court appointed a contract public defender to represent defendant. At that time, defendant signed a form indicating that when his case was concluded the court would hold a hearing to determine whether he had the ability to repay the county for all or a part of his attorney's services.
In May 2000, at the time set for the preliminary hearing, defendant agreed to plead no contest to the first and third counts and to admit the two prior DUI convictions and one prior prison term, in exchange for dismissal of the second count and the two other prior prison term allegations. The probation report recommended that defendant pay a $1,000 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), with a second $1,000 restitution fine suspended pursuant to Penal Code section 1202.45. Although the report formally recommended that the court order defendant to report to the parole office nearest his last legal residence upon his release from prison, the report also suggested that because defendant had committed the instant offenses specifically so that he could be paroled in Butte County, he should instead be paroled in Bakersfield. The probation report contained nothing about whether defendant should *307 be ordered to pay for the services of his attorney.
At a sentencing hearing in September 2000, after sentencing defendant to four years in prison, the court ordered as follows: "Attorney's fees will be in the standard amount of four hundred dollars. You are ordered to pay a restitution fund fine to the State of California in the amount of two hundred fifty dollars. That same amount will be ordered and stayed pending successful completion of your parole which will be for a minimum of three years. [¶] Upon you [sic] release from prison within forty-eight hours of that release you are ordered to report to the parole office in Kern County." Defense counsel did not object to any of these orders.[1]

DISCUSSION

I[**]

II
Defendant asserts the trial court erred in ordering him to report to the parole office in Kern County upon his release from prison because the court has no authority to establish conditions of parole, such as the place of parole. The People agree, asserting the trial court had no authority to direct defendant to report to a specific parole office upon his release from prison. For the reasons that follow, we decline to accept the People's concession and find no error.
Penal Code section 3003 dictates that "[e]xcept as otherwise provided in this section, an inmate who is released on parole shall be returned to the county that was the last legal residence of the inmate prior to his or her incarceration." (Pen. Code, § 3003, subd. (a).) The paroling authority (either the Board of Prison Terms or the Department of Corrections) has the authority to decide whether an inmate should be returned to another county. (Pen.Code, § 3003, subd. (b).) No such authority is vested in the court. Nonetheless, the court has a statutory obligation to implement the general rule set forth in Penal Code section 3003 regarding the place of parole. Under Penal Code section 1170, when a court imposes a determinate prison sentence, "[t]he court shall advise the defendant that he or she shall serve a period of parole and order the defendant to report to the parole office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole." (Pen.Code, § 1170, subd. (a)(3).) Thus, contrary to defendant's argument and the People's concession, the sentencing court has not only the authority, but the obligation, to order a defendant to report to a particular parole office upon his release from prison-specifically, "the parole office closest to the defendant's last legal residence."
Here, the trial court ordered defendant to report to the parole office in Kern *308 County. The trial court's order was proper so long as there is sufficient evidence in the record to support an implied finding that defendant's "last legal residence" was in Kern County rather than Butte County. We conclude the evidence in the record is sufficient to support such a finding. The record shows that at the time of his arrest in March 2000, defendant was living in a trailer on his mother's property in Oroville. However, the record also shows that defendant was doing so in violation of the terms of his parole. The probation report indicates defendant was released on parole in Kern County on March 31, 1998. Less than two weeks later, his parole was revoked, in part because he left Kern County without permission. Released again in October 1998, defendant failed to appear at the parole office, and a warrant was issued. He was arrested in January 1999 in Oroville, and his parole was again revoked in part for leaving Kern County without permission. Defendant repeated this same behavior twice more before his arrest in Oroville in March 2000 on the present offenses.
Although the actual terms and conditions of defendant's parole are not contained in the record, the foregoing evidence supports a rational inference that one of the conditions of his parole was that he remain in Kern County unless given permission to leave. Thus, there is substantial evidence in the record to support a finding by the trial court that defendant's last legal residence was in Kern County. For that reason, the trial court did not err in ordering defendant to report to the parole office in Kern County upon his release from prison.[2]
Though neither side has raised the issue, we note that the abstract of judgment does not reflect the court's order that defendant report to the parole office in Kern County upon his release from prison. We will order that the abstract be amended to properly reflect that order.

DISPOSITION
The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting that defendant shall report to the parole office in Kern County within 48 hours of his release from prison. The trial court is further directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections.
SIMS, Acting P.J., and HULL, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.
[1] On the issue of attorney fees, the following box is checked on the "Sentencing/Disposition Minute Order": "Counsel advises that $400.00 in expenses have been incurred & Court finds that to be a reasonable sum. The matter is referred to Butte County Collections to determine defendant's ability to pay." In keeping with the transcript of the sentencing hearing, however, the abstract of judgment indicates only the following: "Defendant to pay Public Defender costs of $400.00." Because the minute order appears to contain boilerplate language, we believe the transcript of the sentencing hearing and the abstract of judgment more accurately reflect the court's actual order in this case. (See People v. Smith (1983) 33 Cal.3d 596, 599, 189 Cal. Rptr. 862, 659 P.2d 1152 [when the record is in conflict, the part of the record that is entitled to greater credence will prevail].)
[**] See footnote *, ante.
[2] Of course, as noted above, the paroling authority has the authority to decide whether should be returned to another county. (Pen.Code, § 3003, subd. (b).)